1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS ANTHONY BROOKS, | Case No.  1:23-cv-01058-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| T. CAMPBELL, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | (ECF No. 7) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ross Anthony Brooks ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 7.)

### I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison at Corcoran, California where the events in the complaint appear to have occurred. Plaintiff names as Defendants: (1) Parra, correctional officer, (2) Diammano, correctional officer, and (3) Sidd, sergeant. Each defendant is sued in their individual and official capacities.

In claim 1, Plaintiff alleges an Eighth Amendment violation. Plaintiff alleges:

"C/O Parra escorted a known 'active gang member' to my cell. Knowing that I was in 'protective custody' because I am an 'ex' gang member. Have gone through the debrief process with the Institutional Gang Investigators (I.G.I.) & Institutional Service Unit. I.S.U. A [sic] then stood by to give said gang member time to brutally assault me. C/O Diamanno[1] failed to express concerns for my safety having witness first hand, the violence done by active gang members to people in protective custody. C/O Sgt. Sidd was directly in charge of placing an 'active gang member' in my cell knowing that as an 'ex' who has gone through the institutional debriefing process I am a preferred target for active gang members."   (corrected for spelling)

---

[1] Plaintiff spells this defendant's name differently in the caption then from the spelling in the body of the complaint. The complaint's caption must contain the names of the defendants discussed in the body of the complaint. See Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint).

Plaintiff alleges his nose was broken, and he has ongoing sinus congestion and headaches. As remedies, Plaintiff seeks damages.

### III.   Discussion

#### A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Much of Plaintiff's allegations is conclusory as to what happened, when it happened, or how defendant was involved. Plaintiff fails to state any factual support how each of the defendants "knew" Plaintiff was an ex-gang member or the cellmate was a gang member and conclusory allegations that they "knew" are insufficient. Plaintiff has been unable to cure this deficiency.

#### B.   Official Capacity

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

### C. Supervisory Liability

To the extent Plaintiff seeks to hold the Sergeant, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendant Sergeant Sidd was personally involved in any constitutional deprivation.  While Plaintiff alleges that the Sergeant Sidd "was directly in charge" of placing the inmate in the cell, the conclusory allegation that Defendant "knew" is not factually supported.  Further, Plaintiff fails to identify any policy at issue and how the policy itself is a repudiation of constitutional rights.  Plaintiff's conclusory allegations are insufficient. Plaintiff may not sue an official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.  In other words, the supervisory Defendants are not liable based solely on their role in supervising prisons.

### D. Eighth Amendment – Failure to Protect

Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted

with deliberate indifference to the threat of serious harm or injury to him. *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040. The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer,* at 837.

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant C/O Parra for failure to protect/intervene when he "stood by" and allowed another inmate to attack Plaintiff.

Plaintiff fails to state a cognizable claim against Defendants Diammano, correctional officer, and Sergeant Sidd.  Plaintiff fails to allege any factual support that each defendant was aware that Plaintiff was at risk of serious harm at the hands his cellmate and failed to take reasonable action.  Plaintiff alleges in conclusory terms that both Defendants "knew" Plaintiff was at risk but fails to state any factual support that they knew Plaintiff was an ex-gang member, that the new cellmate was a gang member, and Plaintiff was at risk.

**IV.  Conclusion and Recommendation**

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendant Correctional Officer Parra for failure to protect/intervene in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 14, 2023 (ECF No. 7), against Defendant Correctional Officer Parra for failure to protect/intervene in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**August 17, 2023**__                    ____/s/ *Barbara A. McAuliffe*____
                                                        UNITED STATES MAGISTRATE JUDGE

6